# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 24, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LINDSEY HANSON, on behalf of, | * | |
| L.R.H., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-590V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Yuri Jelokov, Farrish Johnson Law Office, Mankato, MN, for petitioner.
Sarah Christina Duncan, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On April 25, 2018, Lindsey Hanson ("petitioner"), on behalf of L.R.H., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Measles, Mumps, and Rubella ("MMR") vaccine L.R.H. received on June 30, 2017, she suffers from chronic arthritis. Petition at 1.

On April 13, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on her case. Petitioner's Motion for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Interim Fees and Costs ("Pet. Mot."), filed Apr. 13, 2020 (ECF No. 31).  On July 16, 2020, petitioner filed a supplemental fees motion.  Supplemental Fees, filed July 16, 2020 (ECF No. 38).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $23,220.00
**Attorneys' Costs** – $9,507.43

Petitioner thus requests a total of $32,727.43.  Respondent filed his response on April 27, 2020, stating that he "respectfully requests that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 27, 2020, at 3 (ECF No. 32).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$32,852.43** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

   A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the

name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney who worked on this matter:

**Mr. Jelokov – Attorney**

2018-2020: $300.00

The undersigned finds the requested rates reasonable.  Mr. Jelokov has been practicing law since 2008, giving him approximately 10 years of experience in 2018.  This would place him in the upper end of the OSM Attorneys' Forum Hourly Rate Fee Schedule, which prescribes rates ranging from $297-$378 for attorneys with 8-10 years of experience.  Overall, based on Mr. Jelokov's training, education, and experience, the undersigned finds the hourly rate of $300.00 to be reasonable.  Therefore, the undersigned will award the rates requested.

Petitioner's counsel requests compensation for 77.4 hours for 2018-2020.  Pet. Mot. at 13.  This results in petitioners' counsel accurate request for attorney's fees for $23,220.00.

### B.     Attorneys' Costs

#### 1.     Expert Fees

Petitioner requests $2,625.00 for work performed by Dr. Harry Hull, which was a total of 5.25 hours, billed at an hourly rate of $500.00.  Pet. Mot. at 23; see Notice of Filing, filed July 16, 2020, at 2 (ECF No. 37-2).

Petitioner also requests $5,950.00 for work performed by Dr. Arthur Brawer. Pet. Mot. at 25-28; Notice of Filing, filed July 16, 2020, at 1 (ECF No. 37-1). Dr. Brawer did not provide the number of hours billed or the hourly rate, but stated the amounts charged represent "a flat fee of routine office policy that is not broken down into hourly work."[3] Notice of Filing, filed July 16, 2020, at 1 (ECF No. 37-1).

The undersigned finds the expert fees paid to Dr. Hull and Dr. Brawer are reasonable and therefore, petitioner is awarded $8,575.00 for expert fees.

### 2. Miscellaneous Costs

Petitioners request $1,057.43 to cover their attorney's other miscellaneous expenses, including a postage costs, medical record costs, the filing fee, and other expenses.[4] Pet. Mot. at 13. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 23,220.00 |
| Reduction of Attorneys' Fees | - ($ 0.00) |
| Awarded Attorneys' Fees: | $ 23,220.00 |
| | |
| Requested Attorneys' Costs: | $ 9,507.43 |
| Reduction of Attorneys' Costs: | + ($ 125.00) |
| Awarded Attorneys' Costs: | $ 9,632.43 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 32,852.43** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $32,852.43, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Yuri Jelokov.**

---

[3] The undersigned notes that in the future, an invoice that describes Dr. Brawer's hourly rate and provides a description of his work is required. Counsel shall reference the Vaccine Guidelines for Practice under the National Vaccine Injury Program ("Vaccine Guidelines"), which can be found on the Court's website or at http://www.cofc.uscourts.gov/vaccine-guidelines. Failure to comply may result in forfeiture of attorneys' costs in the future.

[4] Petitioner did not provide full documentation of all expenses, specifically: (1) $9.85 postage service; (2) $33.75 copies of claim for service; (3) $21.60 postage; and (4) $17.80 postage to expert. All invoices should be provided in future filings.

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.