# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  March 8, 2022)

```
* * * * * * * * * * * * *
LINDSEY HANSON, on behalf of     *
L.R.H.,                          *        UNPUBLISHED
                                 *        No. 18-590V
          Petitioner,            *
                                 *        Special Master Dorsey
v.                               *
                                 *        Attorneys' Fees and Costs
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
* * * * * * * * * * * * *
```

Daniel J. Bellig, Farrish Johnson Law Office, Mankato, MN, for petitioner.
Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 28, 2018, Lindsey Hanson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] ("Vaccine Act"), on behalf L.R.H. Petitioner alleged that L.R.H. suffered chronic arthritis as a result of a Measles-Mumps-Rubella vaccination administered on June 30, 2017. Petition at 1 (ECF No. 1). On December 2, 2021, petitioner filed a stipulation of dismissal, and on the same day the undersigned issued her order concluding proceedings pursuant to Vaccine Rule 21(a). (ECF No. 76).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On December 2, 2021, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 75). Petitioner requests compensation in the amount of $6,349.79, representing $5,145.00 in attorneys' fees and $1,204.79 in costs.[3] Fees App. at 13. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Id. at 14. Respondent filed a response on December 8, 2021, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 77). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $5,893.79.

## I.       Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Here, the undersigned previously found the claim possessed good faith and reasonable basis when awarding interim attorneys' fees and costs, and the work petitioner now seeks compensation for was also reasonable. Respondent also has not advanced any argument that the claim lost reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It

---

[3] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $32,852.43 on August 24, 2020. (ECF No. 45).

is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Daniel Bellig, $425.00 per hour for work performed in 2021; and for Mr. Yuri Jelokov, $300.00 per hour for work performed in 2021. The hourly rate for Mr. Jelokov is consistent with what the undersigned has previously found reasonable in awarding interim fees in this case. The hourly rate for Mr. Bellig requires further discussion.

Mr. Bellig has been licensed to practice law since 2008, giving him approximately 13 years of overall legal experience when he began work on this case in 2021, and placing him at the lower end of the 11-19 years of experience tier of the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2021.[4] Mr. Bellig does not have much demonstrated Vaccine Program experience – he is undersigned counsel in four cases (which were all taken over from Mr. Jelokov in 2021), and the instant case is the first case of those to conclude and thus be eligible for attorneys' fees and costs. The undersigned also notes that it does not appear Mr. Bellig performed any attorney work on prior cases in which Mr. Jelokov was undersigned counsel and was awarded attorneys' fees and costs. Mr. Bellig's requested hourly rate of $425.00 is on the higher end of the rate of appropriate rates for attorneys with 11-19 years of experience, which prescribes rates from $355-444 per hour. Such an hourly rate would, in the undersigned's experience, be consistent with an attorney with more experience, both in overall years and specifically handling Vaccine Program cases.

Based upon all of the relevant factors, the undersigned finds that a reasonable hourly for Mr. Bellig's 2021 work in this case is $385.00 per hour. This hourly rate is consistent with what the undersigned and other special masters have awarded to other attorneys with his years of

---

[4] The 2021 Fee Schedule is available at: www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf.

practice in general, and with his experience in the Vaccine Program. Application of this rate results in a reduction of $456.00.

### ii.      Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $4,689.00.

### b.   Attorneys' Costs

Petitioner requests a total of $1,204.79 in attorneys' costs. This amount is comprised of acquiring medical records and an expert witness fee paid to Dr. David Rusk. Upon review, petitioner has provided adequate documentation supporting these costs, and they all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to the full amount of costs sought.

### II.      Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $5,145.00 |
| (Total Reduction from Billing Hours) | - ($456.00) |
| **Total Attorneys' Fees Awarded** | **$4,689.00** |
| | |
| Attorneys' Costs Requested | $1,204.79 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,204.79** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$5,893.79** |

**Accordingly, the undersigned awards $5,893.79 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Daniel Bellig.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.